# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5036-17T5

IN THE MATTER OF THE CIVIL
COMMITMENT OF P.P.,
SVP-711-15.

_____

Argued May 14, 2019 – Decided May 24, 2019

Before Judges Fisher, Hoffman and Suter.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. SVP-711-15.

Patrick Madden, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney).

Rachel Frey, Deputy Attorney General argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney).

PER CURIAM

P.P., a sex offender who was civilly committed in 2015 to the Special

Treatment Unit (STU) pursuant to the Sexually Violent Predator Act (SVPA),

N.J.S.A. 30:4-27.24 to -27.38, appeals from a June 6, 2018 Law Division

judgment continuing his commitment after a review hearing. We affirm substantially for the reasons stated by Judge Philip M. Freedman in his oral decision.

P.P.'s history of sexual offenses was recounted in this court's prior opinion upholding his commitment under the SVPA:

> In January 2003, P.P. pled guilty to two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c), of two fourteen-year-old girls, A.S. and J.F., with whom he had sexual intercourse. P.P. impregnated A.S. who bore a child. P.P. was sentenced to two concurrent eight-year terms of imprisonment and [community supervision for life] (CSL), and ordered to comply with Megan's Law registration requirements.
>
> In 2007, while investigating a complaint that P.P. had sexually assaulted a six-year-old girl, the investigator discovered that P.P. was not living at the address he had registered under Megan's Law. In January 2011, P.P. pled guilty to the CSL violation, and was sentenced to eighteen months in State prison.
>
> In May 2008, P.P. was arrested and charged with violating the condition on special sentence that prohibited him from using the internet to access social network websites. P.P. was found guilty of the charge and sentenced to eighteen months in State prison.
>
> In May 2010, an investigator from the Gloucester County Prosecutor's Office was monitoring the internet and found suspicious file extensions on P.P.'s computer. An investigation revealed files showing an adult male engaging in various sex acts with a prepubescent female and a tutorial demonstrating how

2

to use various objects as sex toys with a preteen daughter and avoid detection.

In August 2010, P.P. pled guilty to second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(a), and fourth-degree violation of special sentence for failure to register and notify the police of a change of address, N.J.S.A. 2C:43-6.4(d). P.P. was sentenced to six years in State prison on the endangering charge, and a concurrent eighteen months on the CSL violation. P.P. also has an adult nonsexual criminal history that includes convictions for simple assault, terroristic threats, and domestic violence resulting in a final restraining order issued against him.

[In re Civil Commitment of P.P., No. A-4011-14 (App. Div. July 18, 2017).]

The applicable law and our scope of review is well settled. Involuntary civil commitment under the SVPA can follow completion of a custodial sentence when the offender "suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment." N.J.S.A. 30:4-27.26. The SVPA defines "mental abnormality" as "a mental condition that affects a person's emotional, cognitive or volitional capacity in a manner that predisposes that person to commit acts of sexual violence." Ibid. The mental abnormality or personality disorder "must affect an individual's ability to control his or her sexually harmful conduct." In re Commitment of W.Z., 173 N.J. 109, 127

(2002). A showing of an impaired ability to control sexually dangerous behavior will suffice to prove a mental abnormality. Id. at 129; see also In re Commitment of R.F., 217 N.J. 152, 173-74 (2014).

At an SVPA commitment hearing, the court must address the offender's present "serious difficulty with control over dangerous sexual behavior." W.Z., at 132-33. To commit or continue the commitment of the individual to the STU, the State must establish by clear and convincing evidence that it is highly likely the individual will sexually reoffend within the reasonably foreseeable future. Id. at 133-34; see also R.F., 217 N.J. at 173. Because commitment under the SVPA is based on "present serious difficulty with control over dangerous sexual behavior," the "annual court review hearings on the need for continued involuntary commitment" require assessment of "fresh information concerning the committee's dangerousness." W.Z., 173 N.J. at 132-33.

On this appeal, our review of Judge Freedman's decision is extremely limited. In re Commitment of J.P., 339 N.J. Super. 443, 459 (App. Div. 2001) ("The scope of appellate review of a trial court's decision in a commitment proceeding is extremely narrow."). We will disturb his decision only where there was a clear abuse of discretion, and "it is our responsibility to canvass the

record, inclusive of the expert testimony, to determine whether the findings made by the trial judge were clearly erroneous." In re Civil Commitment of W.X.C., 407 N.J. Super. 619, 630 (App. Div. 2009), aff'd, 204 N.J. 179 (2010). In light of his expertise in handling these cases, "[w]e must give the 'utmost deference' to [Judge Freedman's] determination of the appropriate balancing of societal interest and individual liberty." Ibid. (citation omitted).

On appeal, P.P. contends the State failed to show by clear and convincing evidence that he remains a sexually violent predator. He asserts the evidence presented by the State did not support the judge's conclusion that he "suffers from mental abnormality and a personality disorder that individually and in combination predisposes him to engage in acts of sexual violence," nor the conclusion that if released, "he would have serious difficulty controlling sexually violent behavior."

Following our review of the record, we conclude P.P.'s arguments lack substantive merit. Judge Freedman correctly applied the standards for continued commitment to the evidence adduced at the 2018 review hearing. The testimony of the State's experts clearly demonstrates P.P. continues to have mental abnormalities that pose a serious danger that he will sexually reoffend if released from the STU. Judge Freedman found both experts to be credible and

5

uncontradicted. The judge also considered and rejected P.P.s claims that he is "not attracted to children," and that he "was just massively unlucky." We give deference to trial judges' findings based upon their "opportunity to hear and see the witnesses and to have the 'feel' of the case." In re Civil Commitment of R.F., 217 N.J. 152, 174 (2014) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5036-17T5